# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

Person Under Supervision: <u>Jerry Don Maldonado</u>         Case No.: <u>2:19-CR-058-Z(01)</u>

Name of Sentencing Judge: <u>U.S. District Judge Matthew J. Kacsmaryk</u>

Date of Original Sentence: <u>January 16, 2020</u>

Original Offense: <u>Convicted Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), a Class C Felony</u>

Original Sentence: <u>37 months custody, 3-year term of supervised release</u>

Revocations: <u>None</u>

Detainers: <u>None</u>

U.S. Marshals No.: <u>58551-177</u>

Type of Supervision: <u>Supervised Release</u> Date Supervision Commenced: <u>December 23, 2024</u>

Assistant U.S. Attorney: <u>Sean Jeffrey Taylor</u>    Defense Attorney: <u>Bonita L. Gunden</u>
                                                                                            (Court appointed)

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

### I.

### Violation of Standard Condition No. 2

The defendant shall report to the probation officer as directed by the Court or the probation officer and submit a truthful and complete written report within the first five (5) days of each month.

### Violation of Standard Condition No. 3

The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

### Violation of Other Condition No. 1

The defendant shall not commit another federal, state, or local crime.

Jerry Don Maldonado
Petition for Person Under Supervision

## Nature of Noncompliance

On April 7, 2026, in Deaf Smith County, Texas, Jerry Don Maldonado violated these conditions of supervised release when he was arrested by the Deaf Smith County Sheriff's Office (DSCSO), for No Commercial Driver License, in violation of Texas Traffic Code § 522.011, a Class C Misdemeanor. According to the booking report received from DSCSO, Mr. Maldonado was released the same date, having paid his fines in the amount of $240.50 for this offense. The booking report did not contain any narrative regarding Mr. Maldonado's conduct during this arrest.

The same date, U.S. Probation Officer Ty Stewart (USPO Stewart) was contacted by Mr. Maldonado's son, who advised of the arrest. USPO Stewart contacted DSCSO and confirmed Mr. Maldonado would be released. On April 9, 2026, Mr. Maldonado texted USPO Stewart from an unknown phone number advising he had been released. On April 14, 2026, USPO Stewart texted the unknown phone number directing Mr. Maldonado to report to the U.S. Probation Office on April 16, 2026, to discuss his arrest, and received no response. On April 15, 2026, USPO Stewart texted Mr. Maldonado's phone number of record to ensure he had received the message and received no response. On April 16, 2026, Mr. Maldonado failed to report to the U.S. Probation Office as instructed. On April 22, 2026, USPO Stewart called Mr. Maldonado's phone number of record and received a message it was out of service. USPO Stewart then called the phone number Mr. Maldonado had initially utilized on April 9, and left a voicemail directing him to contact USPO Stewart. Mr. Maldonado did not comply with this directive. On April 23, 2026, USPO Stewart attempted to contact Mr. Maldonado's uncle and former partner but was unsuccessful in reaching either of them. On April 24, 2026, USPO Stewart attempted a home contact at Mr. Maldonado's residence of record but was unable to establish contact. On April 30, 2026 (following receipt of the DSCSO booking report), USPO Stewart attempted to contact three phone numbers Mr. Maldonado provided to DSCSO, none of which had previously been reported. One of the three was an unknown contact for Mr. Maldonado, the second was for an emergency contact, and the third was for Mr. Maldonado's employer. USPO Stewart received messages on two of the three contact numbers noting they were out of service, and the third call did not connect. As of the submission of this report, Mr. Maldonado has made no attempt to reestablish contact with the U.S. Probation Office, aside from the single text message sent on April 9, 2026.

### Personal History

Mr. Maldonado commenced his term of supervised release with the U.S. Probation Office in Amarillo, Texas, on December 23, 2024. He has maintained stable residence and employment in Hereford, Texas since commencement on supervised release. He was referred to substance abuse testing and treatment at Dailey Recovery Services (DRS), the substance abuse treatment and testing provider in Amarillo, on January 1, 2025. He completed substance abuse treatment as of June 2025, and substance abuse testing as of October 2025. All urine specimens were negative for illicit substances. Mr. Maldonado was compliant with the terms of his supervised release until his arrest in April 2026. Since he was released from custody after paying fines in that case, Mr. Maldonado has sent one text message to USPO Stewart, simply noting he was released. He has not responded to any attempts to contact him or direction to report to the U.S. Probation Office, and all possible avenues to locate or contact Mr. Maldonado have been exhausted.

Due to Mr. Maldonado's apparent absconding from supervised release and failure to follow instructions, a Petition for Person Under Supervision is being submitted to the Court.

Jerry Don Maldonado
Petition for Person Under Supervision

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None. |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a)(3), p.s. |
| **Criminal History Category:** | VI | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 8 to 14 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Jerry Don Maldonado
Petition for Person Under Supervision

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on May 4, 2026
Respectfully submitted,                              Approved,

_____          _____
Tyson J. Stewart                                     Gema Delgado Reyes
U.S. Probation Officer                               Supervising U.S. Probation Officer
Amarillo Division                                    Phone:  806-337-1752
Phone:  806-337-1753
Email: tyson_stewart@txnp.uscourts.gov

Jerry Don Maldonado
Petition for Person Under Supervision

---

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons.

☐ Other or Additional:

_____

_____

☐ File under seal until further order of the Court.

_____
The Honorable Matthew J. Kacsmaryk
U.S. District Judge

Date _____ May 4, 2026 _____